IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZEQUIEL HERNANDEZ,   )<br>            )<br>    Petitioner,   )<br>            )<br>    v.       )<br>            )<br>            )<br>JOHN ASHCROFT, et al.,  )<br>            )<br>    Respondent.   )<br>_____ ) | CV F 04-5433 OWW WMW HC<br><br>**FINDINGS AND RECOMMENDATIONS RE RESPONDENT'S MOTION TO DISMISS FOR MOOTNESS**<br><br>[Doc. 20] |

      Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("BICE") and is proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. Section 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. Section 636(b)(1)(B) and Local Rule 72-302.

      In the petition filed, Petitioner alleges that his detention pursuant to 8 U.S.C. Section 1231(a)(2) is indefinite and violates Petitioner's substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States

Constitution. Petitioner also asserts that his detention is in violation of Respondent's statutory authority.

On December 16, 2004, this court entered an order requiring Respondent to show cause within forty- five days of the date of service of this order why this petition should not be granted. The court further authorized Petitioner to file a traverse within ten days of the date the return to the order to show cause was filed with the court.

On December 27, 2004, the copy of the court's order sent to Petitioner was returned with the notation that Petitioner was not in custody. On January 3, 2005, Respondent filed a motion to dismiss this case on the ground of mootness. In support of the motion, Respondent argues that Petitioner has been released from custody. Respondent provides a copy of a DACS Custody Summary Inquiry, which indicates that Petitioner was released from custody on November 2, 2004. Petitioner has not responded to Respondent's motion.

The case or controversy requirement of Article III of the Federal Constitution deprives the court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The court has not power to decide a case that does not affect the rights of litigants in the case before it. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-478, 110 S.Ct. 1249, 1254 (1990); Defunis v. Odegaard, 416 U.S. 312, 316, 94 S.Ct. 1704, 1705 (1974); Mitchell v. Dupnik, 75 F.3d 517, 527-28 (9th Cir. 1996). In other words, a petitioner must have suffered an actual injury that is traceable to the respondent and can be redressed by a favorable judicial decision. Spencer v. Kemna, 118 S.Ct. 978, 983 (1998); Iron Arrow, 464 U.S. at 70, 104 S.Ct. at 375; NAACP, Western Region, 743 F.2d at 1353.

In Picrin-Peron v. Rison, 930 F.2d 773 (9th Cir. 1991), the Ninth Circuit reviewed the

case of a Cuban national who had been ordered excluded by the INS but whom remained in the INS's custody because the INS was unable to physically remove the alien to Cuba. Id. at 774. By the time the Ninth Circuit reviewed the case, however, the petitioner had been released from the INS's custody. Id. at 774-775. The Ninth Circuit noted that normally the government's cessation of an illegal action which the government can resume at any time does not render a case moot, see, e.g., Mesquite v. Alladin' Castle, Inc., 455 U.S. 283, 289, 102 S.Ct. 1070, 1074 (1982), but this rule has never been applied to habeas corpus petitions. Picrin-Peron, 930 F.2d at 775-556. The Ninth Circuit then found that because the habeas petition only requested the petitioner's release from the INS's custody and the INS had released the petitioner, there was no further relief the court could provide. Id. at 776. The Ninth Circuit then dismissed the action. Id. at 776.

Pursuant to the reasoning of Picrin-Person, the instant case is moot. The petition alleges that Petitioner is being indefinitely confined and seeks his immediate releases from Immigration custody. According to the documentation provided by Respondent, Petitioner has been released from custody. Accordingly, there is no further relief the court can provide, See Picrin-Peron, 930 F.2d at 776, and a decision in Petitioner's favor will not redress any injury suffered by Petitioner.[1]

The mootness rule is subject to a "capable of repetition yet evading review" exception. See Nebraska Press Assn. V. Stuart, 427 U.S. 539, 546, 96 S.Ct. 2791, 2797 (1976); GTE California, INC v. Federal Communications Comm'n, 39 F.3d 940, 945 (1994). The exception is met when: (1) the "duration of the challenged conduct is too brief ever to be

---

[1] The court notes that the facts of this case differ from Picrin-Peron in that the petitioner in Picrin-Peron was not in state custody and the INS had submitted a declaration claiming that unless the petitioner committed a crime, travel documents were issued, or INS law changed, the petitioner would not return to the INS's custody. Picrin-Peron, 930 F.2d at 776. In this case, Petitioner's current incarceration in state prison makes Petitioner's possible future detention by BICE more likely. However, unlike other civil actions, petitioner is only requesting release from BICE's custody, which has already been accomplished. And, Petitioner does not meet any of the recognized exceptions to mootness as discussed infra.

3

fully litigated prior to its cessation;" and (2) there is a reasonable probability that the petitioner will again be subject to the challenged activity.  Mitchell, 75 F.3d at 528; GTE California, 39 F.3d at 945; see also County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383 (1979).

Petitioner has not opposed the Notification provided by Respondent and thus, has not argued that his detention by the BICE is "capable of repetition yet evading review."  The court notes that Petitioner's confinement by BICE is capable of repetition, and it is highly probable that Petitioner will again be subject to the challenged activity should he find himself again in BICE custody for violation of the supervisory conditions.  Should such circumstances occur, there is no reason why Petitioner cannot again file a habeas corpus petition concerning the alleged violation of his liberty interest.  That such a petition is capable of addressing Petitioner's injury is supported by the numerous habeas corpus petitions which are currently being resolved by this court concerning aliens ordered deported but whom remain in BICE custody because they have not yet been removed.  See Fed. R. Evid. 201(b) (court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned).

Further, this court cannot determine if the BICE's possible future confinement of Petitioner will violate petitioner's Constitutional rights.  Any fear that the BICE may take an action against Petitioner in the future does not create a case or controversy because such a case is not ripe for adjudication.  See United Pub. Workers v. Mitchell, 330 U.S. 75, 91, 67 S.Ct. 556, 565 (1947), *overruled on other grounds by* Adler v. Board of Educ., 342 U.S. 485, 72 S.Ct. 380 (1952); Associated Gen. Contractors v. Coalition for Econ. Equity, 950 F.2d 1401, 1406 (9th Cir. 1991).  "Concrete legal issues, presented in actual cases, not abstractions are requisite" for the adjudication of a case.  United Pub. Workers, 330 U.S. at 75, 67 S.Ct. at 564.

Thus, Petitioner's habeas corpus petition must be dismissed because the BICE's

release of Petitioner from custody has rendered the habeas corpus petition moot. In addition, the court cannot review potential future detention of Petitioner by BICE after he is released from custody because such an issue is not yet ripe for adjudication.

### RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED as MOOT.

These Findings and Recommendations are submitted to the District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:   May 2, 2005**              /s/  **William M. Wunderlich**
mmkd34                    UNITED STATES MAGISTRATE JUDGE

5